

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 28, 1966

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-792

Re: Whether a county employee may
receive pay for working as an
election clerk on a holiday,
and also receive his regular
salary for that day; and a

Dear Sir:

related question.

You have requested an opinion on the following two
questions:

Question No. 1: Can a regular employee of
Dallas County whose elected department head is
not on the ballot, be paid for services performed
as an election clerk in the last general election,
which was a county holiday, and also receive his
regular county salary for that day?

Question No. 2: Can regular employees of the
Dallas County Clerk's office be paid for working
after hours for taking in election returns and
delivering the absentee ballots?

You have excluded from your question those employees
who would be disqualified to serve as election clerks because
of the provision in Article 3.03 of the Texas Election Code
which disqualifies any person "who is employed by any candidate
for a lucrative office, whose name appears on the ballot in
that election."

Article 3.04 of the Election Code provides that
"no one who holds an office of profit or trust under * * *
this state * * * shall act as judge, clerk, or watcher of any
election, general, special, or primary." Persons holding
certain positions in governmental service are classified as
officers, while persons holding other positions are classi-
fied as mere employees. This distinction and the criteria

-3800-

for classification are discussed in cases cited in the footnotes to 47 Tex.Jur.2d 13, Public Officers, Sec. 3. The disqualification in Article 3.04 of the Election Code applies only to those individuals who are classified as officers. Att'y Gen. Op. O-2056 (1940). You have not stated what positions are involved in your opinion request. Since the status of each position must be determined on the basis of its own characteristics, we cannot say whether the individuals involved in your first question were or were not eligible to serve as election clerks, but for your information we are attaching copies of Opinion O-2056, supra, and Attorney General's Opinion O-384 (1939), which discuss the status of a number of different positions. As a loosely stated general rule, ordinarily persons holding positions as deputies in the various county offices are classified as officers; those in other types of positions are classified as mere employees.

The day of the general election is a state holiday on which county offices may be closed. Arts. 4591, 2372h, and 2372h-1, V.C.S. For a county employee eligible to serve as an election clerk, we are not aware of any constitutional provision, statute, or legal principle which would prevent his being paid under Article 3.08 of the Election Code for services performed on a holiday when county offices are closed or at any other time which does not conflict with his working hours as a county employee. Article XVI, Section 40 of the Texas Constitution, prohibiting dual officeholding, is not applicable, since neither the regular employment of the person nor his service as an election clerk places him in the category of an officer. Although the term "election officers" is frequently used in referring to the judges and clerks of an election, the characteristics of an election clerk's services do not make him an officer as the term is used in this section of the Constitution.

Nor is payment for these services contrary to Article XVI, Section 33 of the Texas Constitution, which prohibits the accounting officers of the State from drawing or paying a warrant upon the Treasury as salary or compensation to anyone who at the same time holds any other office or position of honor, trust or profit under this State or the United States. As used in this section, the word "Treasury" means the State Treasury. Att'y Gen. Ops. O-4982 (1942) and WW-1316 (1962). Whatever might be the effect of this provision on individuals who are paid from the

State Treasury, it is not applicable to individuals who are paid from other public funds. In the present instance, payment for each service would be made from funds in the county treasury.

Your second question is whether employees in the County Clerk's office may be paid for working during hours that they are not regularly required to be on duty, in performance of services which the County Clerk is required by law to perform and which by their nature cannot be deferred until regular working hours. Tex. Election Code: Art. 5.05, Subdivs. 4, 5, and 6; Art. 7.14, Secs. 7 and 18; Art. 8.25; Art. 8.30; Art. 8.32.

The Commissioners Court of Dallas County has authority to fix the salaries of the employees in the County Clerk's office, and to regulate their hours of work. Vernon's Tex. Civ. St.: Art. 3912e-4a, Sec. 4; Art. 3912e-4b; Art. 3912e-4d, Sec. 9. There is no statute or other rule of law which would prevent the Commissioners Court from authorizing additional pay for these extra services. On the other hand, there is no provision of law which would compel the granting of additional pay. It is within the discretion of the Commissioners Court to decide whether the employees are allowed additional pay, are given compensatory time off, or are required to perform these services as an incident to their regular employment without additional pay or compensating time.

## S U M M A R Y

Persons holding certain positions in governmental service are classified as officers while persons holding other positions are classified as mere employees. A person who is merely an employee in a department of the county government is not disqualified from serving as an election clerk in a general election. He may be paid for services performed as an election clerk on a holiday when the county office was closed and may also receive his regular county salary for that day. Tex. Election Code, Arts. 3.04 and 3.08.

It is within the discretion of the Commissioners Court of Dallas County to decide whether regular employees of the Dallas County Clerk's office will be

given pay in addition to their regular salary for working after hours in performance of duties which the County Clerk's office is required to perform in connection with an election.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Mary K. Wall*

Mary K. Wall
Assistant

MKW:ra

APPROVED
OPINION COMMITTEE:

W. O. Shultz, Chairman
John Reeves
Pat Bailey
John Banks
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright